UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


TERRY POOLER (#118165)

VERSUS                                              CIVIL ACTION

SHERIFF WILLIE GRAVES, ET AL                        NUMBER 10-260-JJB-SCR

RULING ON MOTION FOR APPOINTMENT OF COUNSEL

Before the court is the plaintiff's Motion for Appointment of Counsel. Record document number 29.

Pro se plaintiff, an inmate currently confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Livingston Parish Sheriff Willie Graves, deputy Brat Savan and an unidentified female deputy.[1] Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights.

Plaintiff's complaint is neither factually nor legally complex. Plaintiff succinctly set out the factual basis for his claim. Liberally construed, the plaintiff alleged that on August 11, 2009, while confined in the Livingston Parish Prison, he reported told deputies that he had a fever and felt abnormal and needed medical treatment. Plaintiff alleged that the female deputy gave him orange juice and told him to go to bed. Plaintiff alleged

---

[1] Savan and the unidentified female deputy were not served with the summons and complaint.

that approximately 20 minutes later, he blacked out and fell from his bed, injuring his head, neck and face. Plaintiff alleged that the deputies ignored him and allowed him to lay on the floor for four hours before transporting him to the hospital. Plaintiff alleged that he was diagnosed with suffering from pneumonia and hepatitis C.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

Plaintiff appears capable of adequately investigating his case. He filed a factually detailed complaint setting forth clearly and concisely the details of the alleged incidents.

Appointment of counsel would likely be of some benefit to the plaintiff, but it would do little to assist in the examination of the witnesses or shaping the issues for trial.

Consideration of the factors set forth in *Ulmer v. Chancellor*, 691 F.2d 209, 211 (5th Cir. 1982), does not support a finding that appointment of counsel for the plaintiff is either required or warranted.

Accordingly, the plaintiff's motion for appointment of counsel is denied.

Baton Rouge, Louisiana, October 28, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE