UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY POOLER (#118165)

VERSUS                                          CIVIL ACTION

SHERIFF WILLIE GRAVES, ET AL                    NUMBER 10-260-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 10, 2012.

                      STEPHEN C. RIEDLINGER
                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY POOLER (#118165)

VERSUS                                         CIVIL ACTION

SHERIFF WILLIE GRAVES, ET AL          NUMBER 10-260-JJB-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Summary Judgment. Record document number 34. The motion is not opposed.

Pro se plaintiff, an inmate currently confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Livingston Parish Sheriff Willie Graves, Dy. Brat Savan and an unidentified female deputy. Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights.

Defendants moved for summary judgment relying on a statement of material facts in support of their motion for summary judgment and the affidavit of Warden Jim Brown.[1]

### I. Background

Plaintiff alleged that on August 11, 2009, while confined in the Livingston Parish Prison, he told deputies that he had a fever

---

[1] Record document numbers 34-2 and 35, respectively.

and needed medical treatment. Plaintiff alleged that the female deputy gave him orange juice and told him to go to bed. Plaintiff alleged that approximately 20 minutes later, he blacked out and fell from his bed, injuring his head, neck and face. Plaintiff alleged that the deputies ignored him and allowed him to lay on the floor for four hours before transporting him to the hospital. Plaintiff alleged that he was diagnosed as suffering from pneumonia and hepatitis C.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c).

### B. Failure to Exhaust Administrative Remedies

Defendants argued that the plaintiff failed to exhaust available administrative remedies before filing suit regarding all of the claims raised in the complaint.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by

> a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d

863, 866 (5th Cir. 2003).

Plaintiff alleged in Part II.C. of the complaint that he complained to the guards at the parish prison about his medical problems.[2]

The summary judgment evidence showed that the parish prison maintains an administrative grievance procedure which provides that an inmate must file an administrative grievance within 30 days of the alleged incident.[3] The administrative grievance procedure was in effect on August 11, 2009, the alleged date of the incident.[4] Administrative grievances are recorded into a computer database and are searchable by name.[5] Administrative grievance records are scanned and maintained indefinitely in a computer system.[6] No record of an administrative grievance regarding the alleged incident on August 11, 2009 was found in the grievance database, the paperless scan system or the plaintiff's prison records.

Plaintiff has neither opposed the evidence offered in this matter nor submitted any fact showing that there is an issue for trial. It is clear that a party may not rest upon mere allegations or denials of his pleadings in opposing a motion for summary

---

[2] Record document number 1, p. 3.

[3] Record document number 34-2, Exhibit 1.

[4] *Id.*

[5] *Id.*

[6] *Id.*

4

judgment.  *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. v. Johnson*, 736 F.2d 315 (5th Cir. 1984).

## Conclusion

The summary judgment evidence showed that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the complaint prior to filing suit, as required by 42 U.S.C. § 1997e(a).

Defendants are entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion for Summary Judgment be granted and this action be dismissed, and with prejudice to refiling the complaint in forma pauperis.[7]

Baton Rouge, Louisiana, January 10, 2012.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[7] *Underwood v. Wilson*, 151 F.3d at 296.